UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 04-81195-CIV-PAINE/JOHNSON

MOBILE MEDICAL INDUSTRIES, INC.,
a corporation,

Plaintiff,

v.

ELITE HOME HEALTH OF THE PALM BEACHES, L.L.C., a limited liability company, ELITE MD, INC., a corporation, and JAMES PADULA, D.O., an individual,

Defendants.



______________________________________/

**ANSWER OF DR. JAMES PADULA, D.O., TO COUNTS I - IV and VII-IX OF THE VERIFIED COMPLAINT**

Defendant, DR. JAMES PADULA, D.O., by and through his undersigned counsel, files his answer to Counts I-IV and VII - IX of the Verified Complaint as follows:

This Answer follows the Court's Omnibus Order denying Defendants' Motion to Dismiss Counts I-IV and VII-IX of the Complaint. The Answer of Dr. James Padula, D.O., to Counts, VI, X, XI, XII, and XIII of the Verified Complaint was previously filed with this Court on February 25, 2005. To the extent necessary, Dr. Padula reincorporates his responses to paragraphs 1-68, 93-104, and 125-143 as if fully set forth herein.

**COUNT I**

**COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT**

69. Dr. Padula realleges his responses to paragraphs 1 through 68 as if fully set forth herein.

70. Dr. Padula denies the allegations contained within paragraph 70 of the Verified Complaint.

71. Dr. Padula denies the allegations contained within paragraph 71 of the Verified Complaint.

72. Dr. Padula denies the allegations contained within paragraph 72 of the Verified Complaint.

**COUNT II**

**BREACH OF EMPLOYEE DUTY OF LOYALTY-INJUNCTIVE RELIEF (PADULA)**

73. Dr. Padula realleges his responses set forth in paragraphs 1 through 68 as if fully set forth herein.

74. Dr. Padula denies the allegations contained within paragraph 74 of the Verified Complaint.

75. Dr. Padula denies the allegations contained within paragraph 75 of the Verified Complaint.

76. Dr. Padula denies the allegations contained within paragraph 76 of the Verified Complaint.

77. Dr. Padula denies the allegations contained within paragraph 77 of the Verified Complaint.

78. Dr. Padula denies the allegations contained within paragraph 78 of the Verified Complaint.

79. Dr. Padula denies the allegations contained within paragraph 79 of the Verified Complaint.

80. Dr. Padula denies the allegations contained within paragraph 80 of the Verified Complaint.

81. Dr. Padula denies the allegations contained within paragraph 81 of the Verified Complaint.

**COUNT III**
**BREACH OF EMPLOYEE DUTY OF LOYALTY-DAMAGES**
**(PADULA)**

82. Dr. Padula realleges his responses to paragraphs 1 through 68 and 74 through 77 above as if fully set forth herein.

83. Dr. Padula denies the allegations contained within paragraph 83 of the Verified Complaint.

84. Dr. Padula denies the allegations contained within paragraph 84 of the Verified Complaint.

**COUNT IV**
**BREACH OF CONTRACT-INJUNCTIVE RELIEF**
**(PADULA)**

85. Dr. Padula realleges his responses to paragraphs 1 through 68 as if fully set forth herein.

86. Dr. Padula denies the allegations contained within paragraph 86 of the Verified Complaint.

87. Dr. Padula denies the allegations contained within paragraph 87 of the Verified Complaint.

88. Dr. Padula denies the allegations contained within paragraph 88 of the Verified Complaint.

89. Dr. Padula denies the allegations contained within paragraph 89 of the Verified Complaint.

90. Dr. Padula denies the allegations contained within paragraph 90 of the Verified Complaint.

91. Dr. Padula denies the allegations contained within paragraph 91 of the Verified Complaint.

92. Dr. Padula denies the allegations contained within paragraph 6 of the Verified Complaint.

## COUNT VII

## DAMAGES FOR BREACH OF CONTRACT (PADULA)

105. Dr. Padula admits that Plaintiffs purport to bring an action against Dr. Padula for breach of agreement, but denies that such an action is proper.

106. Dr. Padula realleges his responses to paragraphs 1 through 68 as if fully set forth herein.

107. Dr. Padula denies the allegations contained within paragraph 107 of the Verified Complaint.

108. Dr. Padula denies the allegations contained within paragraph 108 of the Verified Complaint.

109. Dr. Padula denies the allegations contained within paragraph 109 of the Verified Complaint.

**COUNT VIII**
**DAMAGES FOR TORTUOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONSHIPS (ALL DEFENDANTS)**

110. Dr. Padula admits that Plaintiffs purport to bring an action against Dr. Padula for tortuous interference with business and contractual relationships but denies that such action is proper.

111. Dr. Padula realleges and incorporates or references his responses to set forth in paragraphs 1 through 68 as if fully set forth herein.

112. Dr. Padula denies the allegations contained within paragraph 112 of the Verified Complaint.

113. Dr. Padula is without knowledge as to the allegations contained within paragraph 113 of the Verified Complaint and therefore denies same.

114. Dr. Padula denies the allegations contained within paragraph 114 of the Verified Complaint.

115. Dr. Padula denies the allegations contained within paragraph 115 of the Verified Complaint.

116. Dr. Padula denies the allegations contained within paragraph 116 of the Verified Complaint.

117. Dr. Padula denies the allegations contained within paragraph 1117 of the Verified Complaint.

**COUNT IX**
**INJUNCTIVE RELIEF FOR TORTUOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONSHIP (ALL DEFENDANTS)**

118. Dr. Padula admits that Plaintiffs purport to bring an action for injunctive relief

but deny that such action is appropriate.

119. Dr. Padula realleges and incorporates by reference the responses set forth in paragraphs 1 through 68, and paragraphs 112 through 117 as if fully set forth herein.

120. Dr. Padula denies the allegations contained within paragraph 120 of the Verified Complaint.

121. Dr. Padula denies the allegations contained within paragraph 121 of the Verified Complaint.

122. Dr. Padula denies the allegations contained within paragraph 122 of the Verified Complaint.

123. Dr. Padula denies the allegations contained within paragraph 123 of the Verified Complaint.

124. Dr. Padula denies the allegations contained within paragraph 124 of the Verified Complaint.

**GENERAL AFFIRMATIVE DEFENSES**

1. Plaintiff failed to mitigate its damages.

2. Plaintiff has unclean hands and is barred from seeking any relief in equity because it violated anti-Starke laws and engaged in illegal anti-competitive conduct related to the customers at issue in this action.

3. To the extent that Plaintiff did suffer any damages, the damages must be apportioned between the Defendants.

**I. AFFIRMATIVE DEFENSES TO COUNTS IV and VII- BREACH OF CONTRACT (Padula).**

*A. Failure to State a Claim.*

Plaintiffs fail to state a claim for breach of contract because:

(1) the employment agreement had expired on its own terms, and Dr. Padula did not continue his employment with MMI under the same terms and conditions of the employment agreement; and

(2) MMI is not an affiliate Mobile L.L.C. and MMI did not receive prior written consent from Dr. Padula to assign the contract.

WHEREFORE, Dr. Padula, having fully answered the Verified Complaint, prays that this Court enter final judgment for Dr. Padula, that Plaintiff take nothing from this action, and that the Court award Dr. Padula his attorneys fees and costs under cognizable basis, including Chapter 542 and Chapter 688, *Florida Statutes*, or any other statute, and under any allegedly applicable contract.

Dated this 25th day of May, 2005

Respectfully Submitted,

By: ______________________ 088404

KIP A. DAVIS, ESQUIRE
Florida Bar No.: 148921
VASSALLO & BILOTTA, P.A.
900 East Ocean Blvd
Suite D-232
Stuart, FL 33494
(561) 432-1994
Attorneys for James Padula, D.O.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail to the following: **Hank Jackson, Esq., and Thomas Loffredo, Esq.**, Holland

& Knight, LLP, 222 Lakeview Avenue, Suite 1000, West Palm Beach, FL 33401; **Charles M. Poplstein, Esq. and Laura M. Jordan, Esq.**, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101 and **Howard D. Dubosar, Esq.**, Dubosar & Dolnick, P.A., 3010 North Military Trail, Suite 210, Boca Raton, FL 33431-6361, this 25th day of May, 2005.

By: ______________________

KIP A. DAVIS, ESQUIRE
Florida Bar No.: 148921
VASSALLO & BILOTTA, P.A.
900 East Ocean Blvd
Suite D-232
Stuart, FL 33494
(772) 221-8262
Attorneys for James Padula, D.O.