UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-81195-CIV-PAINE/JOHNSON



FILED by ___ D.C.
SEP 14 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

MOBILE MEDICAL INDUSTRIES, INC.,
a corporation,

      Plaintiff,

v.

ELITE HOME HEALTH OF THE PALM
BEACHES, L.L.C., a limited liability company,

and

ELITE MD, INC., a corporation

and

JAMES PADULA, D.O., an individual,

      Defendants.
_____/

### JUDGMENT AND ORDER ENTERING INJUNCTION
### UPON STIPULATION OF THE PARTIES

      COMES NOW Plaintiff Mobile Medical Industries, Inc. ("Mobile Medical") and Defendant James Padula, individually and by their respective attorneys, and for good cause shown, IT IS HEREBY ORDERED:

      1.    The parties have consented and stipulated to the entry of this Order on Count IV of Plaintiff's Verified Complaint, to the jurisdiction of the Court over the parties, and this cause of action. The parties have stipulated that this Order is made upon proper notice and that all conditions and requirements for the entry of this Order and the granting of injunctive relief have been established, satisfied and/or waived.

      2.    Jurisdiction and venue are proper.



3111363

3. Plaintiff Mobile Medical is engaged in the highly competitive home healthcare and physician house call industry. Mobile Medical's business involves, among other things, providing physician house calls, mobile diagnostics and a range of nursing, rehabilitation and home health services. Mobile Medical conducts operations throughout the state of Florida, including in Palm Beach County, Florida, where its headquarters are located. Mobile Medical also does business as Alliance Care, CareAdvantage, CareServices, MD to You, and Care Therapy.

4. Elite Healthcare of The Palm Beaches, L.L.C. and Elite MD, Inc. (collectively referred to as "Elite") are also engaged in the home healthcare and physician house call industry and are direct competitor of Mobile Medical in parts of Florida where Mobile Medical conducts and/or solicits business.

5. The home healthcare business is highly competitive. A number of businesses compete with Mobile Medical in the home healthcare market in Florida, including Elite. Mobile Medical's success in this highly competitive industry is dependent, among other things, upon confidential and proprietary information that Mobile Medical has developed over the years through the expenditure of substantial time and resources. Such confidential and proprietary information consists of, but is not limited to, identities of and information concerning customers and patients of Mobile Medical; identity of and information concerning referral sources (including but not limited to contact information, types and levels of business referred, and preferences and levels of business); identity of and information concerning personnel (including but not limited to compensation, skills and business production and responsibility); information concerning the preferences, complaints, and requirements of independent and assisted living facilities where Mobile Medical does business, and the preferences, complaints and requirements

of referral sources and customers; marketing methods and strategies; pricing; financial information concerning specific offices and their respective business production, volume and costs; budgets, business plans, customer lists, patient lists; patient information and other proprietary and confidential information concerning the business of Mobile Medical (the "Confidential Information").

6.  The Confidential Information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure and use. Further, the Confidential Information is the subject of efforts by Mobile Medical that are reasonable under the circumstances to maintain its secrecy, including but not limited to restricting access to such information and requiring employees to sign specific confidentiality and non disclosure agreements.

7.  The Confidential Information of Mobile Medical constitutes trade secrets pursuant to Chapter 688 of the Florida Statutes.

8.  In addition to this Confidential Information, Mobile Medical is the owner of the Risk Management Policies and Procedures Manual and forms contained therein (referred to hereafter as the "Registered Work"). The Registered Work contains material wholly original to Mobile Medical that is copyrightable subject matter under the laws of the United States. On or about December 12, 2004, Mobile Medical applied to register its copyrights in the Registered Work in the United States Copyright Office. Thereafter, the Copyright Office duly issued a registration certificate, a copy of which is attached to the Verified Complaint as Exhibit 1, and incorporated herein by reference. The registration certificate entitles Mobile Medical to a presumption of validity under 17 U.S.C. § 410(c). Mobile Medical is the proprietor of all right,

title, and interest in and to the copyrights in the Registered Work, including the right to sue for infringement.

9. Mobile Medical's success in this highly competitive industry is also dependent, among other things, on its business and contractual relationships with its customers, including its patients, referral sources and the facilities at which it provides its services, and the substantial goodwill that Mobile Medical has developed with its customers.

10. The Classic at West Palm Beach ("The Classic") is a retirement community, located in Palm Beach County, Florida, that provides independent and assistive living housing and meals for senior residents. Mobile Medical had been doing business with The Classic for approximately four (4) years. During that time, Mobile Medical leased space at The Classic, and contracted with The Classic to provide therapy, rehabilitative services, and home health /private duty health care services to residents at the retirement community, and in fact has provided therapy and home health services to residents there. Mobile Medical derives significant revenue from the services provided to residents of the Classics. Mobile Medical had a reasonable expectation that this business relationship would continue.

11. Mobile Medical has similar arrangements at other retirement communities in the State of Florida, including, among others, Fountainview, The Atrium and Lake Worth Gardens in Palm Beach County, and Park Summit in Broward County. Mobile Medical has a written agreement with Fountainview to lease space at the facility to provide physician care health care services and to provide other health care services. Mobile Medical also has an agreement with Lake Worth Gardens and with Park Summit to lease space to provide certain health care services, and also provides physician care services at each of these retirement communities. Mobile

Medical has been doing business at each of these retirement communities for several years and had a reasonable expectation that these business relationships would continue.

12.   Defendant Padula is a former employee of Mobile Medical. Until he voluntarily resigned his employment on November 12, 2004, Padula was working for Mobile Medical providing physician house call services to residents at multiple client facilities of Mobile Medical, including at times Fountainview, Lake Worth Gardens, The Atrium, and Park Summit.

13.   During his employment with Mobile Medical, Padula had access to and learned of Confidential Information of Mobile Medical, including information concerning patients and employees, levels and volumes of business and types of business, key and important personnel employed by Mobile Medical at its facilities, customer information, and patient names and information. He also had access to and used the Registered Work.

14.   In connection with his employment with Mobile Medical, and for valuable consideration received, Padula entered into an "Employment Agreement" dated October 9, 2000 (hereinafter referred to as "the Padula Agreement"). A true and correct copy of the Padula Agreement is attached to Mobile Medical's Verified Complaint, and marked Exhibit 3. Padula resigned his employment on November 12, 2004.

15.   The Padula Agreement provides in part:

> 8.2 **Disclosure of Information.** Employee recognizes and acknowledges that all records, files, reports, protocols, policies, manuals, databases, processes, procedures, computer systems, materials and other documents pertaining to services rendered by Employee hereunder, or to the operations of Employer, belong to and shall remain the property of Employer and constitute proprietary information and trade secrets of Employer. Employee recognizes and acknowledges that the terms of this Agreement, as well as Employer's proprietary information and trade secrets as they may exist from time to time, are valuable, special, and unique assets of Employer's business. Employee shall not, during or after the Term, disclose such proprietary information of Employer or trade secrets of Employer to any other firm, person, corporation, association or other entity for any reason for purpose whatsoever, or use such information for his association or

other entity for any reason or purpose whatsoever, or use such information for his own benefit, without the prior consent of the Employer. ...

10.1 **Covenants Not to Compete.** ... Employee hereby agrees that, during the Term and for a period of two years thereafter ... Employee shall not (i) engage in the practice of medicine for a business or company which provides, distributes markets, promotes, or advertises mobile physician medical services within a radius of 50 miles from any office of Employer; (ii) accept employment with, or otherwise provide services for or own any interest in, a business or company which provides, distributes, markets, promotes, or advertises mobile physician medical services within a radius of 50 miles from any office of Employer; or (iii) perform services directly or indirectly for any facility for which Employer provided services during the Term. ...

10.2 **Covenant Not to Solicit.** Employee further agrees that, upon expiration or termination of this Agreement for any reason, Employee shall not contact, solicit or attempt to contact or solicit any patient previously treated by Employer, or any facility for which Employer provided services during the Term, including, without limitation, by means of any direct mailings or announcements, and Employee shall not employ or otherwise engage any person who was employed or engaged by Employer at any time during the six months prior to the date of termination or expiration.

16. The Padula Agreement provides that it will be construed according to the laws of the State of Florida. (Exhibit 3 §§ 11.4, 11.5).

17. The covenants and agreements set out in the Padula Agreement are reasonably necessary for the protection of the business and goodwill of Mobile Medical.

18. On November 12, 2004, Padula resigned his employment with Mobile Medical and began working for Elite in competition with Mobile Medical.

19. Since his resignation from Mobile Medical, Padula has provided patient care to patients to whom he provided care during his employment with Mobile Medical and has provided services to residents at several facilities to which he provided services during his employment with Mobile Medical. Padula has provided these services on behalf of Elite.

Accordingly, by consent and stipulation of the parties, as to Count IV of Plaintiff's Verified Complaint, it is ORDERED, ADJUDGED, AND DECREED that:

1.      Padula is hereby enjoined, prohibited, and restrained from, directly or indirectly, infringing Mobile Medical's copyright in the Registered Work, or in any way using or copying the Registered Work;

2.      From the date of this Order until November 1, 2006, Padula is hereby enjoined, prohibited, and restrained from, directly or indirectly (a) contacting, soliciting or attempting to contact or solicit any of the following retirement communities: Fountain View, Lakeworth Gardens, Horizon Club, The Forum, Newport Place, John Knox Village, or any resident of one of these retirement communities for the purpose of or with regard to providing any form of mobile physician services at such facilities or to any resident of one of such facilities, and (b) treating or seeing any patient, or providing any services as a physician, at any of the following retirement communities: Fountain View, Lakeworth Gardens, Horizon Club, The Forum, Newport Place, John Knox Village, or treating anyone whom Padula saw or treated as a patient during the last year of his employment with Mobile Medical, or subsequent to his employment with Mobile Medical at one of these retirement communities;

3.      From the date of this Order until November 1, 2006, Padula is hereby enjoined, prohibited, and restrained from, directly or indirectly, interfering with any efforts by Mobile Medical to conduct or expand its business with Stratford Place or residents of that facility, or working for or assisting any mobile physician or home health provider to establish or expand a business or contractual relationship with Stratford Place. Padula further agrees that, if Mobile Medical and another health care provider are competing to establish a business or contractual relationship with Stratford Place, and if requested by Mobile Medical or anyone at Stratford Place, Padula will endorse Mobile Medical over any competitor in its efforts to develop and expand its relationship with and at Stratford Place;

4.      From the date of this Order through November 1, 2006, Padula is hereby enjoined, prohibited, and restrained from, directly or indirectly, employing or otherwise engaging, recruiting, or attempting to employ or engage, any person who was employed or engaged by Mobile Medical at any time during the six months prior to Padula's resignation provided that it shall not be a violation of this Consent Decree if Padula undertakes reasonable efforts to determine whether any person he seeks to employ or engage was previously employed or engage by Mobile Medical;

5.      From the date of this Order through November 1, 2006, Padula is hereby enjoined, prohibited, and restrained from, directly or indirectly, using, divulging or threatening to use or disclose any Confidential Information of Mobile Medical;

6.      Padula is hereby enjoined, prohibited, and restrained from entering or using the property of Mobile Medical for his own or another's business purpose without Mobile Medical's express written consent; and

7.      Padula will immediately return to Mobile Medical all copies of materials that infringe Mobile Medical's copyright pursuant to 17 U.S.C. § 503, that contain any Confidential Information, or that constitute the property of Mobile Medical, if any.

By consent and stipulation of the parties, it is further ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims in Counts II, III, and VII, which are asserted solely against Defendant Padula are hereby dismissed without prejudice; all without waiving or releasing, and expressly reserving, any claims against any other defendant, person or entity based upon any conduct of Padula alleged therein, or otherwise.

By consent and stipulation of the parties, it is further ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims in Counts I, V, VI, VIII, IX, X, XI, XII, and XIII are hereby

dismissed without prejudice as to Defendant Padula only, all without waiving or releasing, and expressly reserving, any claims against any other defendant, person or entity based upon any conduct alleged therein or otherwise. Plaintiff's claims in Counts I, V, VI, VIII, IX, X, XI, XII, and XIII as to the Elite Defendants are not affected by this judgment and shall remain pending and are not released, waived or dismissed in any manner or respect.

                                       Respectfully submitted,

                                       THOMPSON COBURN LLP  
                                       Charles M. Poplstein, MO#30803  
                                       Rodney A. Harrison, MO#44566  
                                       Laura M. Jordan, MO#48755  
                                       One US Bank Plaza  
                                       St. Louis, Missouri 63101  
                                       314-552-6000  
                                       FAX 314-552-7000

                                       _____  
                                       Rodney A. Harrison  
                                       Admitted Pro Hac Vice

                                       and

                                       HOLLAND & KNIGHT LLP  
                                       222 Lakeview Avenue, Suite 1000  
                                       West Palm Beach, FL 33401  
                                       Telephone:   561-650-8300  
                                       Facsimile:    561-650-8399

                                       Attorneys for Plaintiff  
                                       Mobile Medical Industries, Inc.


VASSALLO & BILOTTA, P.A.
Kip A. Davis, ESQ, FL#148921
900 East Ocean Blvd.
Suite D-232
Stuart, FL 3344
772-221-8282
FAX 561-432-1994

*/s/ Kip Davis*

Attorneys for Defendant
James Padula, D.O.

SO ORDERED this 14th day of September, 2005.

*/s/ James C. Paine*
JUDGE, UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail to the following: **Hank Jackson, Esq., and Thomas Loffredo, Esq.**, Holland & Knight, LLP, 222 Lakeview Avenue, Suite 1000, West Palm Beach, FL 33401; **Charles M. Poplstein, Esq. and Laura M. Jordan, Esq.**, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101 and **Howard D. Dubosar, Esq.**, Dubosar & Dolnick, P.A., 3010 North Military Trail, Suite 210, Boca Raton, FL 33431-6361, this 13th day of July, 2005.

By: _____
KIP A. DAVIS, ESQUIRE
Florida Bar No.: 148921
VASSALLO & BILOTTA, P.A.
900 East Ocean Blvd
Suite D-232
Stuart, FL 33494
(772) 221-8262
Attorneys for James Padula, D.O.

## SERVICE LIST

**Hank Jackson, Esquire**
**Thomas Loffredo Esquire**
Holland & Knight, LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
Telephone: (561) 650-8300
Facsimile: (561) 650-8399

Attorney for Plaintiff

**Rodney A. Harrison, Esquire**
**Charles M. Poplstein, Esquire**
**Laura M. Jordan, Esquire**
Thompson & Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

Attorney for Plaintiff

**Kip A. Davis, Esquire**
Vassallo & Bilotta, P.A.
900 East Ocean Boulevard
Suite D232
Stuart, FL 33494
Telephone: (561) 432-1994
Facsimile - (561) 432-1117

Attorney for Defendant James A. Padula

**Howard D. Dubosar, Esquire**
Dubosar & Dolnick, P.A.
3010 North Military Trail
Suite 210
Boca Raton, FL 33431-6361
Telephone: (561) 999-9322
Facsimile: (561) 999-9690

Attorney for Defendant Elite